UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN PIPE TRADES HEALTH FUND,
WISCONSIN PIPE TRADES 401(K) PLAN,
UNITED ASSOCIATION OF STEAMFITTERS
LOCAL 601, TRUSTEE JOEL ZIELKE, BUILDING
TRADES UNITED PENSION TRUST FUND,
STEAMFITTERS MARKET EXPANSION FUND,
SCOTT J. REDMAN and STEAMFITTERS
EDUCATION FUND AND BIG STEP,

        Plaintiffs,

                           Case No. 19-cv-88-pp

      v.

TRINITY PIPING, LLC,
and PATRICK MCCLAIN,

        Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO TRINITY PIPING LLC (DKT. NO. 20) AND PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO PATRICK MCCLAIN (DKT. NO. 28) AND APPROVING STIPULATION TO DISMISS BRYAN RAMLOW**

---

On January 15, 2019, the plaintiffs filed a complaint against Trinity

Piping, LLC, alleging violations of the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. § 1132; the Multi-Employer Pension Plan

Amendments Act of 1980 ("MEPPAA"), 29 U.S.C. § 1002; and the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Dkt. No. 1. On August

8, 2019, the plaintiffs filed an amended complaint adding defendants Bryan

Ramlow and Patrick McClain, alleging that each individual was a principal

1

officer in charge of defendant Trinity Piping, LLC and realleging violations of ERISA, MEPPAA, and LMRA. Dkt. No. 9.

On September 25, 2019, the plaintiffs filed a motion for entry of default as to Trinity Piping, LLC, dkt. no. 17, and the clerk entered default on September 26, 2019. The same day, the plaintiffs filed a motion for default judgment as to Trinity Piping, LLC, dkt. no. 20, along with affidavits in support of their request for unpaid contributions, liquidated damages, interest, attorney fees and costs, dkt. nos. 21 through 24. Trinity Piping LLC has not appeared.

On September 26, 2019, the plaintiffs filed a motion for entry of default as to Patrick McClain, dkt. no. 26, and the clerk entered default that day. The same day, the plaintiffs filed a motion for default judgment as to Patrick McClain, dkt. no. 28, along with affidavits in support of their request for unpaid contributions, liquidated damages, interest, attorney fees and costs, dkt. nos. 29, through 32. McClain has not appeared.

## I.     ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed the complaint on January 15, 2019. Dkt. No. 1. On February 5, 2019, the plaintiffs filed an affidavit of service as to defendant Trinity Piping, LLC. Dkt. No. 4. The affidavit indicates that Professional Process

2

Servers served Bryan Ramlow on January 21, 2019. Id. The Wisconsin Department of Financial Institutions' website indicates that Bryan Ramlow is the registered agent for defendant Trinity Piping, LLC. http://www.wdfi.org. Defendant Trinity Piping, LLC's answer was due within twenty-one days of that date—in this case, by February 11, 2019. Fed. R. Civ. P. 12(a).

The plaintiffs filed the amended complaint on August 8, 2019. Dkt. No. 9. On September 3, 2019, the plaintiffs filed an affidavit of service as to defendant Patrick McClain. Dkt. No. 12. The affidavit indicates that Professional Process Servers personally served Patrick McClain on August 18, 2019. Id. The defendant's answer was due within twenty-one days of that date—in this case, by September 8, 2019. Fed. R. Civ. P. 12(a).

## II.    PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to

3

conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint states a claim that defendant Trinity Piping, LLC violated ERISA by failing to make timely and prompt contributions on behalf of employees to the plaintiff funds. Dkt. No. 1 at 7. The complaint states an claim that defendant Trinity Piping, LLC violated the LMRA by failing to make timely and prompt contributions on behalf of employees to the plaintiff funds. Id. at 8. Those allegations establish liability. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2).

The motion for default judgment and supporting affidavits as to defendant Trinity Piping, LLC contain an accounting of plaintiffs' damages and attorney's fees and costs. Dkt. Nos. 20 through 24. The plaintiffs' attorney submitted itemized attorney's fees in the amount of $3,600, dkt. no. 21-3 and costs in the amount of $520, dkt. no. 21-4. The plaintiffs also submitted affidavits with supporting attachments for audits covering the period July 1, 2017 through September 30, 2018. Dkt. Nos. 22-1, 23-1, 24-1.

4

The motion for default judgment and supporting affidavits as to defendant Patrick McClain also contain an accounting of the plaintiffs' damages and attorney's fees and costs. Dkt. Nos. 28 through 32. The plaintiffs' attorney submitted itemized costs in the amount of $850. Dkt. No. 30-3. The plaintiffs also submitted affidavits with supporting attachments for audits covering the period from July 1, 2017 through September 30, 2018. Dkt. Nos. 31-1, 32-1.

After review of the documentation provided in support of both motions for default judgment, the court is unable to determine how the plaintiff calculated the judgment amounts. The plaintiff submitted vastly different judgment requests and provided no explanation for how the different amounts were determined beyond providing the same audit reports and stating the amount to be awarded, leaving the court to figure out the rest. The documents attached to the sworn affidavits do not reflect the same audit periods as those referenced in the affidavits. Plaintiffs' counsel included only the cover and signature pages for the collective bargaining agreement on which their claims are based and did not include any portion of the actual agreement language or terms. Finally, the plaintiffs filed an affidavit of nonmilitary service as to Patrick McClain which incorrectly references an individual named Michael Lalonde instead of Patrick McClain.

The court **FINDS** that the plaintiffs have not met their burden under Rule 55(b)(2) to provide support for the judgment award requested.

5

## III. CONCLUSION

The court **DENIES WITHOUT PRJEUDICE** the plaintiffs' motions for default judgment. Dkt. Nos. 20, 28.

Dated in Milwaukee, Wisconsin this 1st day of June, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**