UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN PIPE TRADES HEALTH FUND, *et al.*,

        Plaintiffs,

v.

        Case No. 19-cv-88-pp

TRINITY PIPING LLC,
and PATRICK MCCLAIN,

        Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY (DKT. NO. 48)**

On June 1, 2020, the court denied without prejudice the plaintiffs' motion for default judgment because the plaintiffs had not provided documentation supporting their requested judgment award. Dkt. No. 47. The court noted discrepancies between the affidavits and audit reports, missing pages from the collective bargaining agreement and an affidavit of nonmilitary service for someone other than the defendant Patrick McClain. Id. at 5.

On June 29, 2020, the plaintiffs responded with a motion for leave to conduct expedited discovery. Dkt. No. 48. The plaintiffs indicate that they need additional information:

> (a) whether each of the employees whose names appear on the audit performed some covered work while working for Trinity, as the applicable CBA only required contributions for all hours worked by employees who performed some covered work; (b) whether Trinity actually withheld from employee paychecks the union dues that the operative complaint alleges to be owing; and (c) whether Trinity employees actually deferred out of their wages and paid to Trinity

1

> 401(k) contributions that the operative complaint alleges to be owing.

Id. at 2. The plaintiffs also assert that they need the time cards for the employees whose names appear on the audit, as well as time and payroll records for the employees for whom dues and/or 401(k) contributions are alleged to be owed in order to make a fully supported claim for damages. Id.

The defendants have not responded—to the complaint, to the motion for default or to the motion for discovery. Rule 26 of the Federal Rules of Civil Procedure governs the scope and timing of discovery. A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless exempted or by court order. Fed. R. Civ. P. 26(d)(1). The parties have not conferred because both defendants are in default.

At least one judge in this district has found good cause for allowing discovery prior to conferring under Rule 26(f) where the defendant defaulted and "absent limited discovery to obtain information relevant to the issues of class certification and damages," the plaintiff could not pursue his claims. Sheridan v. Oak Creek Mortg., LLC, 244 F.R.D. 520, 521 (E.D. Wis. 2007). The court finds that the plaintiffs similarly have shown good cause; the defendants have not answered, the plaintiffs were unable to support their request for damages with the affidavits and audit reports provided and without some limited discovery on damages, the plaintiffs will not be able to pursue their claims. The court will allow limited discovery regarding the work performed by the employees whose names appear on the audit (and whether their work

constitutes "covered" work), their time and their payroll records and any contributions paid (or unpaid) by the defendant or its employees. The court will allow only such discovery as is necessary to determine the amount owed to the plaintiffs for unpaid contributions.

The court **GRANTS** the plaintiffs' motion to for leave to conduct limited discovery on damages relating to their claim that Trinity Piping LLC violated the Labor Management Relations Act when it failed to make timely and prompt contributions on behalf of its employees to the funds. Dkt. No. 48.

The court **ORDERS** that the plaintiffs must complete discovery by November 30, 2020. The court **ORDERS** that the plaintiffs must file their amended motion for default judgment by December 18, 2020.

Dated in Milwaukee, Wisconsin this 16th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**