UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| WISCONSIN PIPE TRADES HEALTH FUND, WISCONSIN PIPE TRADES 401(K) PLAN, STEAMFITTERS EDUCATION FUND AND BIG STEP, AND JOEL ZIELKE (in his capacity as trustee), BUILDING TRADES UNITED PENSION FUND, SCOTT J. REDMAN (in his capacity as trustee), STEAMFITTERS MARKET EXPANSION FUND and UNITED ASSOCIATION OF STEAMFITTERS LOCAL 601, | Case No. 19-cv-88-pp |

           Plaintiffs,

  v.

TRINITY PIPING LLC and PATRICK MCCLAIN,

           Defendants.

---

**ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR DEFAULT JUDGMENT AGAINST TRINITY PIPING LLC (DKT. NO. 50), DISMISSING DEFENDANT PATRICK MCCLAIN, GRANTING PLAINTIFFS' MOTION TO REDACT DKT. NO. 52-2 (DKT. NO. 56) AND DISMISSING CASE**

---

On June 1, 2020, the court denied the plaintiffs' motion for default judgment, concluding that the plaintiffs had failed to provide the documentation necessary to support an award under Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 47. Weeks later, the plaintiffs filed a motion for leave to conduct expedited discovery. Dkt. No. 48. The court granted the motion, set an October 30, 2020 deadline for completing discovery and ordered the plaintiffs to file their amended motion for default judgment by December 18, 2020. Dkt. No. 49. The plaintiffs filed an amended motion for default

1

judgment as to Trinity Piping LLC, dkt. no. 50, as well as a motion to redact docket number 52-2, dkt. no. 56. The court will grant both motions.

## I.     Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. The court previously has found that the plaintiffs properly served both defendants and that they failed to respond. Dkt. No. 47 at 2, 3. The clerk's entry of default (on September 26, 2019 as to both defendants) was proper under Fed. R. Civ. P. 55(a).

## II.    Plaintiffs' Second Motion for Default Judgment (Dkt. No. 50)

After conducting limited discovery, the plaintiffs revised their request for damages based on the payroll records obtained for thirty-four former employees of the Trinity Piping LLC. Dkt. No. 55 at 2. The records did not support the assertion that Trinity Piping LLC failed to pay contributions from July 1, 2017 through July 20, 2019, so the plaintiffs have revised their audit reports to cover the period from January 21, 2018 through September 30, 2018. Id. Stephanie Brester and Renee Borchardt filed amended affidavits, addressing the discrepancies in prior affidavits. Dkt. Nos. 52, 43. The plaintiffs also filed the collective bargaining agreement signed by Trinity Piping LLC, the trust agreements establishing the funds and authorizing liquidated damages and interest. Dkt. No. 51-1. The plaintiffs seek default judgment on Count One and wish to withdraw claims Two through Eight. Dkt. No. 55 at 4. Because Count One contains allegations only against Trinity Piping LLC, dkt. no. 9 at 8, the court will dismiss Patrick McClain as a defendant.

In the June 1, 2020 order denying without prejudice the plaintiffs' motion for default judgment, the court found that the plaintiffs had stated a claim against Trinity Piping LLC for violations of ERISA by failing to make timely and prompt contributions on behalf of its employees to the funds. Dkt. No. 47; Dkt. No. 9 (Amended Complaint). Because liability has been established, the court focuses solely on damages. The second motion for default judgment and attachments reflect a different amount than the amended complaint. Compare Dkt. No. 51 with Dkt. No. 9 at 9.

Attorney Alex Sterling filed an affidavit in support of the plaintiffs' amended request for damages, documenting the request for attorney fees in the amount of $6,426 and costs in the amount of $56.66 for service of process. Dkt. Nos. 51, 51-2, 51-3. The amounts requested and hours billed appear reasonable.

Stephanie Brester, the Financial Manager of Building Trades United Pension Fund, filed an amended affidavit regarding the audit report she filed based on the payroll records obtained in discovery, as well as the corresponding wage sheets. Dkt. Nos. 52, 52-1, 52-2, 52-3, 52-4. She found that Trinity Piping LLC owed delinquent contributions to the Building Trades United Pension Fund in the amount of $51,518.30 and currently owes $29,824.08. Dkt. No. 52 at 3, 4. The interest, which can be awarded under the trust agreement establishing the Building Trades United Pension Fund, totals $1,242.52. Id. at 4. Liquidated damages total $3,495.79. Id. The amount owed to Building Trades Union Pension Fund totals $34,562.39. Id. at 5.

Renee Borchardt, an Administrative Specialist with Benefit Plan Administration of Wisconsin, filed an audit for the period from January 21, 2018 through September 30, 2018. Dkt. No. 53 at 2. Now, Trinity Piping LLC owes the Wisconsin Pipe Trades Health Fund $21,588.85 and owes the Steamfitters Education Fund and Big Step contributions in the amount of $3,531.03. Dkt. No. 53 at 2. The interest owed Wisconsin Pipe Trades Health Fund totals $955.76 and the interest owed Steamfitters Education Fund and Big Step totals $139.54. Finally, the liquidated damages owed Wisconsin Trades Health Fund total $2,604 and the liquidated damages owed Steamfitters education Fund and Big Step total $380.04. In sum, Trinity Piping LLC owes $25,147.61 to Wisconsin Pipe Trades Health Fund and $4,050.61 to Steamfitters Education Fund and Big Step. Dkt. No. 53.

The court is satisfied to a reasonable degree of certainty that the plaintiffs have proven their request for damages in the total amount of $70,243.27.

## III. Motion to Redact Docket No. 52-2 (Dkt. No. 56)

Several days after filing the amended motion for default judgment, the plaintiffs filed a motion to substitute a redacted version of Dkt. No. 52-2 to avoid disclosure of employee Social Security numbers. Dkt. No. 56. The Clerk of Court restricted the original document so that it can be viewed only by the parties. The plaintiffs have demonstrated good cause for filing the redacted exhibit, and the court will grant that motion.

## IV. Conclusion

The court **GRANTS** the plaintiffs' second motion for default judgment. Dkt. No. 50.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiffs and against defendant Trinity Piping LLC in the amount of $70,243.27.

The court **GRANTS** the plaintiffs' request to withdraw Counts Two through Eight. Dkt. No. 55 at 4.

The court **ORDERS** that Patrick McClain is **DISMISSED** as a defendant.

The court **GRANTS** the plaintiffs' motion to redact Dkt. No. 52-2. Dkt. No. 56.

The court **ORDERS** the Clerk of Court to replace on the public docket Dkt. No. 52-2 with the attachment filed as Dkt. No. 56-1 and lift the restricted status of that exhibit.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of April, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**